# EXHIBIT A

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 284607 | FOR COURT USE ONLY |
|---|---|---|

NAME:  Jason A. Ibey, Esq.
FIRM NAME: Kazerouni Law Group, APC
STREET ADDRESS: 321 N Mall Drive, Suite R108
CITY: St. George                     STATE: UT      ZIP CODE: 84790
TELEPHONE NO.: 800-400-6808          FAX NO. :
E-MAIL ADDRESS:  jason@kazlg.com
ATTORNEY FOR (Name):  Randy Scott

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Lake
STREET ADDRESS:  255 N. Forbes St., 4th Floor, Room 417
MAILING ADDRESS:  255 N. Forbes St., 4th Floor, Room 417
CITY AND ZIP CODE:     Lakeport 95453
BRANCH NAME:  Lakeport Division

Plaintiff/Petitioner:  Randy Scott
Defendant/Respondent:  Johnson Controls, Inc. d/b/a Coleman

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: CV421681 |
|---|---|

TO (insert name of party being served):  Johnson Controls, Inc. d/b/a Coleman

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing:  May 13, 2021

_____                    ►
          Jason A. Ibey                              _____
       (TYPE OR PRINT NAME)                        (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):

1.  [ x ]  A copy of the summons and of the complaint.
2.  [   ]  Other (specify):

(To be completed by recipient):

Date this form is signed:  _____

_____                    ►
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,        _____
  ON WHOSE BEHALF THIS FORM IS SIGNED)                  (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
                                                    ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure, §§ 415.30, 417.10 www.courtinfo.ca.gov |
|---|---|---|

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>JOHNSON CONTROLS, INC. d/b/a COLEMAN<br><br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>RANDY SCOTT, individually and on behalf of others similarly situated | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>F I L E D<br>SUPERIOR COURT<br>COUNTY OF LAKE<br><br>MAR 3 0 2021<br><br>Krista D. LeVier<br>BY Cierra Gaines<br>Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:  Sup. Ct. of CA, County of Lake<br>*(El nombre y dirección de la corte es):*<br><br>Lakeport Division<br>255 N. Forbes St., 4th Floor, Room 417, Lakeport, CA 95453 | **CASE NUMBER:**<br>*(Número del Caso):*<br>421681 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Abbas Kazerounian, Kazerouni Law Group, APC, 245 Fischer Ave, Suite D1, Costa Mesa, CA, 92626; (800) 400-6808
Adib Assassi, Black Oak Law Firm, 1100 W. Town and Country Rd., Ste. 1250, Orange, CA 92868, (800) 500-0301

| DATE:  MAR 3 0 2021 | Clerk, by  Krista D. LeVier | Cierra Gaines Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

BY FAX

1  **KAZEROUNI LAW GROUP, APC**
2  Abbas Kazerounian, Esq. (SBN 249203)
   ak@kazlg.com
3  245 Fischer Avenue, Unit D1
   Costa Mesa, CA 92626
4  Telephone: (800) 400-6808
   Facsimile: (800) 520-5523
5

6
   **BLACK OAK LAW FIRM**
7  Adib Assassi, Esq. (SBN 301036)
   adib@blackoaklaw.com
8  1100 W. Town and Country Rd., Ste 1250
   Orange, CA 92868
9  Telephone: (800) 500-0301
   Facsimile: (800) 500-0301
10

11
   Attorneys for Plaintiff,
12 Randy Scott

13

F I L E D
SUPERIOR COURT
COUNTY OF LAKE

MAR 3 0 2021

Krista D. LeVier
BY  Cierra Gaines
Deputy Clerk

BY FAX

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF LAKE – LAKEPORT DIVISION
### UNLIMITED CIVIL

**RANDY SCOTT, individually and on behalf of others similarly situated,**

Plaintiff,

v.

**JOHNSON CONTROLS, INC. d/b/a COLEMAN**

Defendant.

Case No.: CV 421681

**CLASS ACTION COMPLAINT**

I.  **VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT;**
II. **VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT;**
III. **VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW**

**JURY TRIAL DEMANDED**

- 1 -
CLASS ACTION COMPLAINT

KAZEROUNI
LAW GROUP, APC

1. Plaintiff Randy Scott ("Plaintiff"), on behalf of himself and others similarly situated, brings this class action suit against Johnson Controls, Inc. d/b/a Coleman ("Defendant") for violations of California's Song Beverly Consumer Warranty Act ("SBA"), *California Civil Code* §§ 1790, *et seq.*; California's Consumer Legal Remedies Act ("CLRA"), *California Civil Code* §§ 1750, *et seq.*; and California's Unfair Competition Law ("UCL"), *California Business and Professions Code* §§ 17200, *et seq.*

## SUMMARY

2. Defendant is a manufacturer of products and advertises that its products are sold with express warranties.

3. Defendant makes warranty registration forms available.

4. The SBA explicitly requires a manufacturer who chooses to provide a warranty or product registration card or form, or an electronic online warranty or product registration form, to be completed and returned by the consumer, to have the card or form include statements that:

   a. Inform the consumer that the card or form is for product registration; and,

   b. Inform the consumer that failure to complete and return the card or form does not diminish the individual's warranty rights.

5. Defendant intentionally omits any such statements that are expressly required by the SBA.

6. As a result of Defendant's unlawful and deceitful business practices, Defendant is able to chill warranty claims and benefit economically by duping consumers into thinking they do not have warranty rights unless they fill out the form and provide their personal information to Defendant. Or even worse, consumers actually do not have the warranties that were promised to them when they purchased their products as they must now register their warranties, a requirement that was not disclosed at the time of purchase. Consumers are thus

additionally deceived into purchasing products they would not have, had they known they did not actually come with warranties.

7. Either scenario results in Defendant benefitting at the consumer's expense.

8. Defendant's unlawful and deceptive practices alleged herein violate the SBA, the CLRA, and the UCL.

**PARTIES**

9. Plaintiff is, and at all times mentioned herein was, an individual residing in the County of Lake, State of California.

10. Defendant is a Wisconsin Corporation that does continuous and substantial business throughout the state of California, including Lake County.

11. At all relevant times, Defendant was engaged in the business of marketing, supplying, and selling its products, including the Product purchased by Plaintiff, to the public through a system of marketers, retailers and distributors.

12. All acts of employees of Defendant as alleged were authorized or ratified by an officer, director, or managing agent of the employer.

**JURISDICTION AND VENUE**

13. Subject matter jurisdiction is proper in this Court as the amount in controversy is within the jurisdictional limit of this Court.

14. This Court has personal jurisdiction over Defendant because Defendant conducts business in the County of Lake, State of California; and, Plaintiff was injured in the County of Lake, where Plaintiff resides.

15. Venue is proper.

**FACTUAL ALLEGATIONS**

16. On or about May 15, 2020, Plaintiff searched online for a new gas furnace.

17. Plaintiff saw Defendant's DGAX Gas Furnace (the "Product") advertised for sale.

18. It was represented to Plaintiff that the Product was accompanied by Defendant's express warranties.

19. Relying on, and valuing, the affirmative warranty promise made regarding the product, Plaintiff purchased the Product for approximately $3,790.

20. Plaintiff later discovered that it did not come with a warranty as Plaintiff was led to believe.

21. Contained within the Product's packaging were instructions requiring Plaintiff to "register" the Product's warranty online in order to receive the complete benefits of the warranty.

22. Specifically, Plaintiff was instructed to register for the Product's warranty at http://www.colemanac.com/warranty-registration, which contained, in part, the following message:

> REGISTER YOUR PRODUCT
>
> Thank you for purchasing a Coleman® product and taking a moment to register it. Your registration enforces your warranty coverage and will keep you up to date on product information and offers.[1]

23. The warranty registration card and online registration form failed to inform Plaintiff that it was for *product* registration only, and did not inform Plaintiff that failure to complete and return the card or online form did *not diminish Plaintiff's warranty rights* as required by *California Civil Code* § 1793.1.

24. Relying on Defendant's deceptive statements, Plaintiff registered his Product by providing his personal information.

25. Upon information and belief, Defendant uses the personal information it collects from such cards and online forms for its own business and marketing purposes and for its own economic benefit.

26. Upon information and belief, Defendant intends for the warranty registration card and online form to have a chilling effect on warranty claims, preventing customers who have not registered, or who choose not to register, their

---

[1] Coleman, *Register Your Product*, http://www.colemanac.com/warranty-registration (last visited March 29, 2021).

warranties from making warranty claims, thereby saving Defendant money in warranty repair and administration costs.

27. Defendant has no right to access personal customer information through warranty registration for these purposes, by not making the legally mandated disclosures to customers.

28. Had the Product's advertisement conspicuously disclosed that the warranty was contingent on registration by Plaintiff providing his personal information, Plaintiff would not have purchased the Product, or alternatively would not have paid a premium for the Product.

29. Plaintiff has not received the Product that Plaintiff bargained for.

## CLASS ALLEGATIONS

30. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated (the "Class"), pursuant to California Code of Civil Procedure Section 382 and/or California Code of Civil Procedure Section 1782.

31. Plaintiff represents and is a member of the Class, consisting of:

   a. All persons who purchased one or more of Defendant's products within California during the four (4) years immediately preceding the filing of the Complaint through the date of class certification, which were accompanied by a warranty or product registration card or form, or an electronic online warranty or product registration form, to be completed and returned by the consumer, which do not contain statements, each displayed in a clear and conspicuous manner, informing the consumer that: i) the card or form is for product registration, and ii) informing the consumer that failure to complete and return the card or form does not diminish his or her warranty rights.

   b. All persons who purchased one or more of Defendant's products within California during the four (4) years immediately preceding the filing of the Complaint through the date of class certification, which were accompanied by a warranty or product registration card or form, or an electronic online warranty or product registration form,

which is labeled as a warranty registration or a warranty confirmation.

   c. All persons who purchased one or more of Defendant's products within California during the four (4) years immediately preceding the filing of the Complaint through the date of class certification, who submitted product registration forms.

   d. All persons who purchased one or more of Defendant's products within California during the three (3) years immediately preceding the filing of the Complaint through the date of class certification, which were advertised as being accompanied with an express warranty but which do not contain a warranty, and/or contain warranty activation, confirmation or registration cards requiring persons to provide their personal data or take additional steps in order to receive a warranty.

32.  Products that meet the above Class definition are referred to herein as "Class products."

33.  Defendant and its employees or agents are excluded from the Class.

34.  Plaintiff does not presently know the number of members in the Class but believes the Class members number in the several thousands, if not substantially more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

35.  Plaintiff and members of the Class were harmed by the acts of Defendant in violating Plaintiff's and the putative Class members' rights.

36.  Plaintiffs reserve the right to expand the class definition to seek recovery on behalf of additional persons as warranted, as facts are learned through further investigation and discovery.

37.  The joinder of the Class members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the court.

38.   The Class can be identified through Defendant's records, Defendant's agents' records, and/or records of the retailer from which the products were purchased.

39.   There is a well-defined community of interest in the questions of law and fact to the Class that predominate over questions which may affect individual Class members, including the following:

a.   Whether the Class products were sold with warranty or product registration cards or forms, or electronic online warranty or product registration forms, which did not contain statements, each displayed in a clear and conspicuous manner, informing the consumer that the card or form is for product registration, and informing the consumer that failure to complete and return the card or form does not diminish his or her warranty rights.

b.   Whether the Class products were sold with warranty or product registration cards or forms, or electronic online warranty or product registration forms, which are labeled as warranty registration or warranty confirmation.

c.   Whether the Class products were sold with express warranties;

d.   Whether the Class products make warranty rights contingent on registration;

e.   Whether Defendant intends warranty registration to act as a barrier to warranty claims;

f.   Whether Defendant intends to use warranty registration as a means for obtaining Class members' personal information;

g.   How Defendant uses Class members' personal information;

h.   Whether Defendant violated the SBA by making Class products' warranties contingent on registration;

i.   Whether Defendant violated the SBA by not disclosing to Class members that by not submitting warranty registration cards, or online

CLASS ACTION COMPLAINT

forms, their warranty rights would not be diminished;

j. Whether Defendant engaged in false or deceptive advertising practices in violation of the CLRA by not disclosing the warranty registration requirement of Class products to Class members prior to their purchases;

k. Whether Defendant is liable for damages, and the amount of such damages; and

l. Whether Class members are entitled to equitable relief including injunctive relief.

40. Plaintiff's claims are typical of the claims of the Class since Plaintiff purchased a Class product, as did each member of the Class.

41. Plaintiff and all Class members sustained injuries arising out of Defendant's wrongful conduct and deception.

42. Plaintiff is advancing the same claims and legal theories on behalf of herself and all absent Class members.

43. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

44. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.

45. Plaintiff has retained counsel experienced in handling class action claims and individual claims involving breach of warranties and unlawful business practices.

46. A class action is a superior method for the fair and efficient adjudication of this controversy. The injury suffered by each individual Class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the Class individually to redress

effectively the wrongs done to them. Even if the members of the Class could afford such individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case.

47. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, an economy of scale, and comprehensive supervision by a single court. Upon information and belief, members of the Class can be readily identified and notified based on, inter alia, Defendant's own records, product serial numbers, submitted warranty activation cards, warranty claims, registration records, and database of complaints.

48. Defendant has acted, and continues to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**

**VIOLATION OF CAL. CIV. CODE §§ 1790, *ET SEQ.***

**CALIFORNIA'S SONG-BEVERLY CONSUMER WARRANTY ACT**

49. Plaintiff incorporates all of the above paragraphs of this Complaint as though fully stated in this cause of action.

50. The Product and Class products are "consumer goods" as defined by *California Civil Code* § 1791(a).

51. Plaintiff and Class members are "buyers" as defined by *California Civil Code* § 1791(b).

52. "Every manufacturer, distributor, or retailer making express warranties with respect to consumer goods shall fully set forth those warranties in simple and readily understood language[.]" *California Civil Code* § 1793.1(a)(1).

53. "If the manufacturer, distributor, or retailer provides a warranty or product registration card or form, or an electronic online warranty or product registration

form, to be completed and returned by the consumer, the card or form **shall** contain statements, each displayed in a clear and conspicuous manner, that do all of the following:

    a.  Informs the consumer that the card or form is for product registration.

    b.  Informs the consumer that failure to complete and return the card or form does not diminish his or her warranty rights." *California Civil Code* § 1793.1(a)(1)(A)-(B).

54. "No warranty or product registration card or form, or an electronic online warranty or product registration form, may be labeled as a warranty registration or a warranty confirmation." *California Civil Code* § 1793.1(b).

55. By providing a card, or online registration form, with Plaintiff's Product and Class members' products labeled as "Warranty Registration," which does not inform Plaintiff and Class members that the card is for product registration and that warranty rights will not be diminished if the card is not completed, Defendant is in violation of its affirmative obligations under the SBA.

56. Defendant values its ability to include warranty registration forms with its products, and as a result of being permitted to include the forms without the statutorily prescribed language, Defendant received, and continues to receive, a benefit which Plaintiff and Class members did not realize they paid for.

57. Had Plaintiff and Class members been aware of these terms, they would not have paid the price they did.

58. Plaintiff and Class members would have paid less for their products had they been aware of these terms. The premium paid is a benefit received by Defendant and should be returned to Plaintiff.

59. Plaintiff and Class members have been damaged by not receiving the warranty they were promised, or alternatively, even if warranties do exist, by rightfully believing they do not have warranty rights.

60. Defendant benefits, at Plaintiff's and Class members' expense, from this tactic as

its costs for repairing products under warranty, as well as administering product warranties, are reduced.

61. Plaintiff and Class members who did provide their personal information have been damaged by being forced to relinquish their personal information based on Defendant's statutorily mandated omissions.

62. Plaintiff and Class members are entitled to damages, including reimbursement of the purchase price of the Class products, under *California Civil Code* §1794(a) and §1794(b).

63. In addition to the other amounts recovered, Plaintiffs and Class members are entitled to a civil penalty of two-times the amount of actual damages, pursuant to *California Civil Code* §1794(c).

64. Plaintiff and class members are further entitled to recover as part of the judgment a sum equal to the aggregate amount of costs and litigation related expenses, including but not limited to attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action under *California Civil Code* §1794(d).

## SECOND CAUSE OF ACTION

## VIOLATION OF CAL. CIV. CODE §§ 1750, *ET SEQ.*

## CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT

65. Plaintiff incorporates all of the above paragraphs of this Complaint as though fully stated in this cause of action.

66. Plaintiff and Class members are "consumers" within the meaning of *California Civil Code* §1761(d).

67. The sale of Plaintiff's and Class members' products are "transactions" within the meaning of *California Civil Code* §1761(e).

68. Plaintiff's and Class members' products are "goods" within the meaning of *California Civil Code* §1761(a).

69. The CLRA prohibits "representing that goods or services have sponsorship,

approval, characteristics, ingredients, uses, benefits, or quantities that they do not have." *California Civil Code* §1770(a)(5).

70. The CLRA prohibits "representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." *California Civil Code* §1770(a)(7).

71. The CLRA prohibits "advertising goods or services with intent not to sell them as advertised." *California Civil Code* §1770(a)(9).

72. The CLRA prohibits "representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law." *California Civil Code* §1770(a)(14).

73. The CLRA prohibits "representing that the consumer will receive a rebate, discount or other economic benefit, if earning the benefit is contingent on an event to occur after the transaction." *California Civil Code* §1770(a)(17).

74. Defendant promised, advertised and represented at time of sale that Plaintiff and Class members would receive a warranty with no strings attached.

75. However, Defendant failed to conspicuously disclose on its advertisement or exterior product packaging that the product must be "registered" and also failed to state on its registration form that failure to do so will not diminish consumers' warranty rights.

76. Defendant's concealment of material warranty terms and omission of statutorily required language was done deliberately and intentionally with the purpose of deceiving Plaintiff and Class members and inducing them into purchasing the Class products, or alternately providing their personal information.

77. Defendant knows, or should have known, that were it to properly disclose the material warranty terms and language it conceals (even if Defendant may claim such terms are not valid), Plaintiff and Class members would not purchase the Class products or would not pay a premium for them.

78. Thus, Defendant's conduct violates *California Civil Code* § 1770(a)(5),

1    1770(a)(7), 1770(a)(9), 1770(a)(14), and 1770(a)(17).

2   79. Plaintiff relied on Defendant's representations.

3   80. As a result of Defendant's false representations and deceitful conduct regarding

4   its warranties, Plaintiff and Class members were injured because they: (a) would

5   not have purchased the Class products if the true facts were known concerning

6   the Defendant's false and misleading warranty claims at time of purchase, or

7   Plaintiff and Class members would have paid substantially less; (b) paid a

8   premium price for the Class Products as a result of Defendant's false warranties

9   and misrepresentations; (c) purchased products that did not have the sponsorship,

10  characteristics, and qualities promised by Defendant; and (d) had to take

11  additional steps and actions in order to receive the benefit they should have

12  already entitled to.

13  81. Plaintiff and Class members who did provide their personal information have

14  been damaged by being forced to relinquish their personal information.

15  82. Under *California Civil Code* § 1780(a) and (b), Plaintiff, individually and on

16  behalf of the Class, seek an injunction requiring Defendant to cease and desist

17  the illegal conduct alleged in this Complaint. Specifically, Plaintiff and Class

18  members are entitled to a permanent injunction that compels Defendant to

19  immediately: (1) cease and desist from the continued sale of the products that

20  contain the same or similar misrepresentations as the Class products; (2) initiate

21  a corrective advertising campaign to notify Class members who are victims of

22  the above-described illegal conduct about the true nature the Class products and

23  associated warranty; and (3) initiate a full recall of the Class products with an

24  offer to refund the purchase price, plus reimbursement of interest.

25  83. Pursuant to § 1782(a) of the CLRA, on or about March 29, 2021, Plaintiff's

26  counsel notified Defendant in writing via certified mail return receipt requested

27  of the particular violations of § 1770 of the CLRA and demanded that it rectify

28  the problems associated with the actions detailed above and give notice to all

KAZEROUNI
LAW GROUP, APC

affected consumers of Defendant's intent to act.

84. If Defendant fails to respond to Plaintiff's letter, fails to agree to rectify the problems associated with the actions detailed above, or fails to give notice to all affected consumers within 30 days of the date of written notice, Plaintiff reserves the right to amend the Complaint to pursue claims for actual, punitive, and statutory damages, as appropriate against Defendant. As to this cause of action, at this time, Plaintiff seeks only injunctive relief.

85. Attached hereto as **Exhibit A** is a sworn declaration from Plaintiff pursuant to *California Civil Code* § 1780(d).

### THIRD CAUSE OF ACTION

### VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*

### CALIFORNIA'S UNFAIR COMPETITION LAW

86. Plaintiff incorporates all of the above paragraphs of this Complaint as though fully stated in this cause of action.

87. The UCL defines "unfair business competition" to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. *California Business and Professions Code* § 17200.

88. The UCL imposes strict liability. Plaintiff need not prove that Defendant intentionally or negligently engaged in unlawful, unfair, or fraudulent business practices – but only that such practices occurred.

### *"Unfair" Prong*

89. A business act or practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers, and that unfairness is determined by weighing the reasons, justifications and motives of the practice against the gravity of the harm to the alleged victims.

90. Defendant's actions constitute "unfair" business practices because, as alleged above, Defendant engaged in a misleading and deceptive practice of

1    intentionally omitting statutorily mandated warranty disclosures to consumers.

2  91. This is done to trick consumers into believing they don't have warranty rights in

3     an effort to discourage warranty claim submissions, thus saving Defendant

4     money and increasing its profit margin. Or worse, to actually eliminate the

5     warranty promised at time of purchase.

6  92. Defendant tricks consumers into providing their personal information in order to

7     obtain a warranty when the consumers are not required to share their personal

8     information to obtain the benefit of an express warranty.

9  93. Defendant's acts and practices offend an established public policy of

10    transparency in warranty rights, and engage in immoral, unethical, oppressive,

11    and unscrupulous activities that are substantially injurious to consumers.

12 94. The harm to Plaintiff and Class members grossly outweighs the utility of

13    Defendant's practices as there is no utility to Defendant's practices.

14                           ***"Fraudulent" Prong***

15 95. A business act or practice is "fraudulent" under the UCL if it is likely to deceive

16    members of the consuming public.

17 96. Defendant's acts and practices alleged above constitute fraudulent business acts

18    or practices as they deceived Plaintiff and are highly likely to deceive members

19    of the consuming public.

20 97. By not providing the required statutory language, Plaintiff and Class members

21    can only draw one conclusion: registration is required in order to receive and

22    access their warranty, contrary to the representations made at time of sale that

23    the Product was accompanied with an express warranty.

24                            ***"Unlawful" Prong***

25 98. A business act or practice is "unlawful" under the UCL if it violates any other

26    law or regulation.

27 99. Defendant's acts and practices alleged above constitute unlawful business acts or

28    practices as they have violated the plain language of the SBA as described in

Plaintiff's First Cause of Action above.

100. As detailed in Plaintiff's Second Cause of Action above, Defendant's acts and practices surrounding the sale also violate several provisions of the CLRA.

101. The violation of any law constitutes an "unlawful" business practice under the UCL.

102. These acts and practices alleged were intended to or did result in violations of the SBA and the CLRA.

103. Defendant's practices, as set forth above, have misled Plaintiff, the Class members, and the public in the past and will continue to mislead in the future. Consequently, Defendant's practices constitute an unlawful, fraudulent, and unfair business practice within the meaning of the UCL.

104. Pursuant to the UCL, Plaintiff is entitled to preliminary and permanent injunctive relief and order Defendant to cease this unfair competition, as well as disgorgement and restitution to Plaintiff and the Class of all Defendant's revenues associated with its unfair competition, or such portion of those revenues as the Court may find equitable.

## PRAYER FOR RELIEF

Plaintiff prays that judgment be entered against Defendant as follows:

1. That this action be certified as a class action;

2. That Plaintiff be appointed as the representative of the Class;

3. That Plaintiff's attorneys be appointed Class Counsel;

4. For an order declaring Defendant's conduct to be unlawful;

5. For an order compelling Defendant to make restitution to Plaintiff and Class members under the SBA in an amount equal to the total amounts paid and payable for the Class products;

6. For actual damages;

7. For a civil penalty of two-times actual damages;

8. For punitive damages;

9.  For pre and post -judgment interest at the legal rate;

10. For injunctive and other equitable relief as necessary to protect the interests of Plaintiff and other Class members, as well as public injunctive relief, and an order prohibiting Defendant from engaging in the unlawful, unfair, deceptive and fraudulent acts described above;

11. For an order that Defendant engage in a corrective advertising campaign;

12. For an order of restitution and disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiff and the Class members as a result of its unlawful, unfair, and fraudulent business practices;

13. For attorney's fees, costs of suit, and out of pocket expenses; and

14. For such other and further relief that the Court deems proper.

### TRIAL BY JURY

105. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands a trial by jury.

Dated: March 29, 2021                    Respectfully submitted,


                         **KAZEROUNI LAW GROUP, APC**

                         _____
                         ABBAS KAZEROUNIAN, ESQ.

                         Jason A. Ibey, Esq. (SBN: 284607)
                         Kazerouni Law Group, APC
                         321 N Mall Drive, Suite R108
                         St. George, Utah 84790
                         Telephone (800) 400-6808
                         Facsimile (800) 520-5523
                         Email: jason@kazlg.com

                         *ATTORNEYS FOR PLAINTIFF*

# Exhibit A

## DECLARATION OF RANDY SCOTT

**I, RANDY SCOTT, DECLARE:**

1. On or about May 15, 2020, I purchased a DGAX Gas Furnace (the "Product").

2. At the time of my payment and review of the Product, I was located in Lake County, where I also reside.

3. Also, it is my understanding that Defendant, Johnson Controls, Inc. d/b/a Coleman does business in the County of Lake, State of California.


I declare under penalty of perjury under the laws of California that the foregoing is true and correct, and that this declaration was executed on ____03/29/2021____.


By:_____

Randy Scott